**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| WAMALA WATKINS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 4:09CV00835 SWW |
| | * | |
| AMERICAN MORTGAGE | * | |
| ASSOCIATES, INC., ET AL. | * | |
| | * | |
| Defendants | | |

**ORDER**

Wamala Watkins ("Watkins"), proceeding *pro se*, commenced this action in state court against American Mortgage Associates, Inc. ("AMA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Franklin American Mortgage Company ("Franklin"); BAC Home Servicing, LP ("BAC"); ReconTrust company, N.A., ("ReconTrust"); and Dyke, Henry, Goldshall, Winzerling, PLC ("DHGW"), charging that defendants committed fraud and violated the Federal Debt Collection Procedures Act ("FDCPA"), the Truth in Lending Act ("TILA"), and the Real Estate Settlement Procedures Act ("RESPA"). With the consent of all other named defendants, separate defendants BAC, ReconTrust, and MERS removed the case, asserting that the Court has jurisdiction over Watkins' claims arising under federal law.

Before the Court are separate motions to dismiss filed by Defendant AMA (docket entry #5), Franklin (docket entry #8), BAC (docket entry #10), and DHGW, MERS, and ReconTrust (docket entry #19). Watkins filed a response in opposition to the motions to dismiss filed by AMA, Franklin, and BAC (docket entry #16). However, the time for responding to the motion to dismiss filed by DHGW, MERS, and ReconTrust has expired, and Watkins has not filed a

response.

After careful consideration, and for reasons that follow, the motions to dismiss by AMA and Franklin will be granted, and the complaint will be dismissed with prejudice as to all defendants. The motions to dismiss by BAC, MERS, DHGW, and ReconTrust will be denied as moot.

## I.  Background

Watkins filed this action in an effort to stop a non-judicial foreclosure sale. Attached to the complaint are copies of a promissory note and mortgage signed by Watkins as borrower and grantor. The promissory note provides that in return for a loan received from Defendant AMA, Watkins will pay the principal sum of $81,910. The mortgage names Defendant MERS as mortgagee, solely as the nominee for AMA, and grants MERS and its successors and assigns the power to sell property located at 66 Meadowcliff Drive in Little Rock, Arkansas. The first page of the mortgage directs that after recording, the document should be returned to Defendant Franklin, identified as the mortgage preparer.

Documents attached to the complaint show that on August 17, 2009, MERS assigned the mortgage to Defendant BAC, and the same day, BAC filed a limited power of attorney in state court, appointing Defendant ReconTrust to act for BAC in exercising its right to initiate a non-judicial, statutory foreclosure sale of the mortgaged property. ReconTrust then filed a notice of default and intention to sell, giving notice that the mortgaged property would be sold in a non-judicial sale on October 20, 2009. The aforementioned assignment of mortgage, limited power of attorney, notice of default, and intention to sell were prepared by Defendant DHGW, a law firm located in Little Rock, Arkansas.

Attached to the complaint are two letters, dated July 23, 2009 and August 18, 2009,

addressed to Defendants and signed by Watkins.  Both letters begin with the following language: **"QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER, FOIA REQUEST, SIGNATURE REVOCATION, and AFFIDAVIT**."  The letters state that because Franklin, AMA, MERS and others  "may have been accused" of engaging in predatory servicing or lending schemes, Watkins demands "first hand evidence . . . of the original blue ink signature of the note to verify holder in due course . . . "   The letters further state that unless the recipient of the letter provides her with the aforementioned evidence "it will be a positive confirmation . . . that you never really created and owned my note." *Id*.  Watkins' letters also demand answers to twenty interrogatories; a complete exam, audit, review and accounting of her loan account; and copies of all documents related to more than 50 categories of information.

Watkins alleges that Defendants responded to her letters with "vague letters not answering any of the questions."  According to Watkins, Defendants agreed to waive their claims by "failing to respond and answer all questions point for point with accounting records and a view of the original documents."

Watkins filed this action in state court on October 2, 2009.  By way of relief, she seeks a preliminary injunction requiring all Defendants to cease all collection activities and foreclosure actions until such time as they provide a "point-for-point response to Plaintiff's request for validation, R.E.S.P.A, with full disclosure . . . ."

With the consent of all other named defendants, separate defendants BAC, ReconTrust, and MERS removed the case, asserting that the Court has original jurisdiction over Watkins' claims arising under federal law.

## II.  Motions to Dismiss for Failure to State a Claim by Franklin and AMA

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] Franklin and AMA move for dismissal of all claims against them.  In response, Watkins filed document titled as a motion to dismiss, stating that she does not seek money damages, only an injunction requiring Defendants "to validate the debt with a full accounting."  Watkins contends that this case "should have never been moved to federal court" and that "this court lacks jurisdiction to grant injunctive relief."   Watkins requests that the Court dismiss this case without prejudice or "reprimand" the case back to state court.

The Court finds that contrary to Watkins assertion, this case was properly removed to federal court.  Removal based on federal question jurisdiction is governed by the well pleaded complaint rule, and jurisdiction is established if a federal question is presented on the face of the plaintiff's properly pleaded complaint.  *See Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)(citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005).  "If even one claim in the complaint involves a substantial federal question, the entire

---

[1] In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although the Court must hold a *pro se* complaint  to less stringent standards than formal pleadings drafted by lawyers,  *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a *pro se* plaintiff still must assert facts sufficient to state a claim for relief.

In deciding whether Watkins states a claim against the separate defendants, the Court must determine whether she  has pleaded facts with enough specificity "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the . . . claims across the line from conceivable to plausible." *Id.* at 1974.

matter may be removed." *Id.*(citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9, 123 S.Ct. 2058 (2003)).

With her complaint, Watkins specifically seeks relief pursuant to federal statutes. The complaint is titled as follows: "Complaint for Temporary Restraining Order and Preliminary Injunction for Violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, et seq. and Truth in Lending (Regulation Z), 12 C.F.R. 226 and Real Estate Settlement Procedure Act and Fraud." Docket entry #2. Furthermore, in the *ad damnum* clause, Watkins asks for a "point-by-point response to Plaintiff's request for validation, R.E.S.P.A., with full disclosure . . . . " *Id.*, ¶ 21. The Court finds that the complaint, on its face, invokes federal question jurisdiction and that Defendants have satisfied all procedural requirements for removal.

Although the Court finds that the case was properly removed, the Court finds that Watkins fails to state a claim for relief under any of the federal statutes cited in the complaint. The section of RESPA at issue, 12 U.S.C. § 2605(e), requires that a servicer of a federally-related mortgage loan who receives a "qualified written request" from a borrower must respond to the request with appropriate information within 60 business days. *See* 12 U.S.C. § 2605(e)(2). A servicer's noncompliance with § 2605(e) entitles a borrower to recover "any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1). Here, Watkins does not allege that she suffered actual damages as a result of not receiving a response to a qualified written request. In fact, she confirms that she does not seek money damages and only seeks an injunction requiring Defendants to "validate the debt with a full accounting." Because Watkins does not allege that she suffered actual damages as a result of any RESPA violation, and because she does not seek a remedy available under RESPA, the Court finds that she fails to state a cognizable claim under RESPA.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The FDCPA provides a private cause of action for damages, but the Act contains no provision for injunctive and declaratory relief for private litigants.  *See* 15 U.S.C. § 1692k; *see also Strong v. National Credit Management Co.*, 600 F. Supp. 46, 46-47 (E.D. Ark. 1984)(noting that the FDCPA authorizes the FTC to seek injunctive relief, indicating Congress' intent to limit private actions to damage claims).   Because equitable relief is not available to individuals suing under the FDCPA, the Court finds that Watkins fails to state a claim under the Act.  *See Weiss v. Regal Collections*, 385 F.3d 337, 342(3rd Cir. 2004); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 882 (7th Cir. 2000); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977(5th Cir. 2000); *Sibley v. Fulton DeKalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982).

TILA provides a private cause of action for damages against creditors who fail to make disclosures required under its provisions.[2]  *See* 15 U.S.C. § 1640.  TILA does not permit the Court to award the type of injunctive relief sought here, thus Watkins fails to state a claim under the Act.

The Court further finds that Watkins fails to state a cognizable fraud claim.  To establish fraud, a plaintiff must show: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the

---

[2]In addition to a cause of action for damages, where a lender takes a security interest in the consumer's residence, the  TILA gives the consumer an unconditional right to rescind the transaction within three days of the consummation of the transaction or the delivery of required disclosures and recession forms, which ever occurs later.  *See* 15 U.S.C. § 1653.  Watkins does not seek relief under the TILA recision provision.

representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *See Knight v. Day,* 343 Ark. 402, 405, 36 S.W.3d 300, 302-303 (2001)(citations omitted).

Watkins alleges that AMA induced her to believe that it "had money of its own to loan . . . at a certain rate of interest" and that she "took the bank up on its offer" and signed a promissory note and mortgage. Watkins charges that AMA did not contribute any lawful consideration because it "did not fulfill its original promise to lend its own money; nor [did it] sacrifice/contribute anything of intrinsic value or incur any risk in the formation or outcome of the transactions."

AMA argues, and the Court agrees, that Watkins fails to allege an essential element of fraud: that she suffered damage as a result of reliance on an alleged misrepresentation. Even construing the complaint liberally and accepting all factual allegations as true, Watkins fails to state a claim for fraud against AMA or any of the named defendants.

### III. Motions to Dismiss for Insufficient Process, Insufficient Service of Process, and Failure to Serve

*Defendant BAC*. In support of its motion to dismiss for insufficient process under Fed. R. Civ. P. 12(b)(4), BAC asserts that Watkins' attempted service on BAC, which occurred prior to removal, was deficient in two ways: (1) the summons is directed to Defendant DHGW, not BAC and (2) the summons fails to state the correct amount of time for BAC to respond to the complaint. BAC submits a copy of the summons which substantiates the foregoing assertions.

Because Watkins attempted service prior to removal, the Court looks to Arkansas law in assessing the sufficiency of service. *See Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998). Arkansas Rule of Civil Procedure 4(b) mandates the form and substance of the summons as follows:

> The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise, the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Ark. R. Civ. P. 4(b).

Here, it is undisputed that the summons fails to identify BAC, and it misstates the deadline for responding to the complaint. In accordance with Arkansas law, which requires exact compliance with the technical requirements set out in Rule 4(b), *see Trusclair v. McGowan Working Partners*, — S.W.3d---, 2009 Ark. 203, 2009 WL 1026743 (April 16, 2009), the Court finds that the summons was defective.

Despite Watkins' failure to with respect to the form of process, and even assuming that the manner or method of service was defective,[3] the Court finds that dismissal under Rule 12(b)(4) of 12(b)(5) Fed. R. Civ. P. 12 is not appropriate. Title 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C.A. § 1448.

Nonetheless, the Court finds that Watkins' claims against BAC must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See McCoy v. Carter-Jones Timber Co.,* 2009 WL 3713697 *(*8th Cir. Nov. 9. 2009)("Though

---

[3]In support of its motion for dismissal based on insufficient service of process under Fed. R. Civ. P. 12(b)(5), BAC asserts that Watkins failed to address process to BAC's agent for service as required by law. BAC submits Watkins' affidavit of service, which indicates that she directed service of process to BAC, instead of BAC's registered agent or any other natural person specified by name.

defendant . . . did not file a motion to dismiss, the district court was within its discretion to sua sponte dismiss claims against her."); *see also Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991) (stating that a district court has the power to sua sponte dismiss a complaint for failure to state a claim)(quoting *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir.1987)).

*Defendants ReconTrust, DHGW, and MERS*.  ReconTrust, DHGW, and MERS seek dismissal based on Watkins' failure to serve them pursuant to Fed. R. Civ. P. 4(m), which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

A district court has discretion to deny a motion to dismiss pursuant to Rule 4(m) if it concludes there is good cause for a plaintiff's failure to serve within 120 days.  However in this case, the time for responding to motion to dismiss has passed, and Watkins has failed to come forward with any reason for her failure to serve the separate defendants.

The Court finds grounds for dismissal of claims against Separate Defendants ReconTrust, DHGW, and MERS for failure to comply with Rule 4(m).  However, because the Court finds that Watkins has failed to state a cognizable claim for relief against any of the named defendants, the motion to dismiss for failure to comply with Rule 4(m) will be denied as moot and the complaint will be dismissed with prejudice as to all defendants pursuant to Rule 12(b)(6).

## IV.  Conclusion

For the reasons stated, the motions to dismiss by Separate Defendants American Mortgage Associates, Inc. (docket entry #5) and Franklin American Mortgage Company (docket entry #8) are GRANTED.  Pursuant to the judgment entered together with this order, Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

It is further ordered that the motions to dismiss by Separate Defendants BAC Home Loan Servicing (docket entry #10) and Separate Defendants ReconTrust Company NA, Dyke Henry Goldsholl & Winzerling PLC, and Mortgage Electronic Registration Systems, Inc. (docket entry #19) are DENIED AS MOOT.

IT IS SO ORDERED THIS 31ST  DAY OF MARCH, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE